**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| JENNAE HAMID | : |
| 3 Maple Street | : |
| Downingtown, PA 19335 | :   CIVIL ACTION NO.: |
| | : |
|      Plaintiffs, | :   **COMPLAINT AND JURY DEMAND** |
| | : |
|   v. | : |
| | : |
| THE CHESTER COUNTY HOSPITAL, | : |
| d/b/a PENN MEDICINE | : |
| 701 E. Marshall Street | : |
| Westchester, PA 19380 | : |
|      and | : |
| UNIVERSITY OF PENNSYLVANIA | : |
| HEALTH SYSTEM | : |
| 3400 Spruce Street | : |
| Philadelphia, PA 19104 | : |
| | : |
|      Defendants. | : |

---

## CIVIL ACTION COMPLAINT

Jennae Hamid ("Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated the instant action against her former employers, The Chester County Hospital d/b/a Penn Medicine and University of Pennsylvania Health System, to redress violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq*.) and the Pennsylvania Minimum Wage Act ("PMWA" - 43 Pa. Stat. Ann. §§ 333.101-333.115). Plaintiff asserts that she was wrongfully terminated for complaining of wage violations.

## JURISDICTION AND VENUE

2.      This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative facts.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult *sui juris* individual with a residential address as set forth above.

7.      The University of Pennsylvania Health System ("Defendant UPHS") is a major multi-hospital health system headquartered in Philadelphia, Pennsylvania. One of the hospitals it oversees, manages, and operates as part of its enterprise and system is Chester County Hospital ("Defendant CCH").

8.      Defendant UPHS is the employer of Plaintiff, administers her employment benefits, pays her through its payroll, requires her to follow its practices and policies, and is her employer pursuant to its own personnel documentation. Defendant CCH is also a direct employer of Plaintiff where she physically works, follows directives of Defendant CCH management (who in turn report to Defendant UPHS management), and Defendant CCH oversees all aspects of nursing staff within its facilities (and overall hospital)

9.      Defendants are properly considered a single, joint and/or integrated employer as they:

(a) Both oversee compensation, benefits, and human resources matters for nursing employees such as Plaintiff;

(b) Both direct, give policies to, and coordinate the work of nurses such as Plaintiff;

(c) Both have the ability to compensation, transfer, demote, pay, hire and terminate nursing employees such as Plaintiff;

(d) Both appear on business and personnel documentation of nursing employees such as Plaintiff;

(e) Both advertise as the same enterprise and operation in advertising and the internet;

(f) Both share resources, management, oversight of operations, and responsibilities of employees (such as Plaintiff) and patients; and

(g) Both were directly aware of hospital-wide unlawful denial of compensation and overtime owed to Plaintiff and similarly situated employees but knowingly failed to correct such illegal conduct, despite joint ability to prevent and/or remedy same.

10.      At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

3

## FACTUAL BACKGROUND

11.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.     Plaintiff served as an ***hourly-paid*** nurse for Defendants for approximately 10 years, from in or about June 2010 through on or about August 6, 2020.

13.     At the time of her separation from employment, Plaintiff was employed by Defendants as a Registered Nurse ("RN").

14.     Plaintiff was a hard-working employee who performed well, received little to no disciplinary action, and consistently received positive performance evaluations throughout the vast majority of her time with Defendants.

15.     Unfortunately, during Plaintiff's employment with Defendants, Plaintiff, along with the rest of the nursing staff working out of the same physical location as Plaintiff (all of whom were non-exempt employees), experienced many types of wage and overtime violations on a weekly basis. Plaintiff's specific allegations regarding these wage violations are well outlined within Plaintiff's August 22, 2019 complaint, filed with the Eastern District of Pennsylvania, attached hereto.[1] *See* Plaintiff's Complaint, attached hereto as "Exhibit A."

16.     Plaintiff complained numerous times over a period of months to Defendants' administration, including but not limited to Defendants' management and payroll staff, regarding the concerns she maintained pertaining to Defendants' wage violations, including not being paid minimum wages and overtime properly.

---

[1] As these underlying wage claims have already separately been filed with this Court and Plaintiff does not seek to bring those same claims again herein, Plaintiff refrains from detailing her more specific allegations in the body of the instant complaint

17.     Despite Plaintiff's complaints, however, Defendants failed to properly investigate or otherwise remedy Plaintiff's complaints, as Plaintiff was (1) at times ignored; (2) at times told that is just the way it is; or (3) and on another occasion told even though Plaintiff's concerns were legitimate, the hospital "is too poor right now" to change its practices.

18.     Instead, following Plaintiff's complaints to Defendants' management regarding the aforementioned pay related issues, Plaintiff was subjected to significant hostility and animosity from Defendants' management and staff in a manner disparately from other employees who had not complained about wage violations, including but not limited to being treated in a rude and condescending manner, excessively nitpicked, scrutinized, denied scheduling requests and/or opportunities, admonished, and disciplined.

19.     After Defendants failed to cure the various issues pertaining to Plaintiff's pay, and instead began to subject Plaintiff to the aforementioned hostility, on or about August 22, 2019, Plaintiff filed a class/collective action lawsuit against Defendants in the Eastern District of Pennsylvania, asserting claims under the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment & Collection Law. Exhibit A.

20.     On or about October 21, 2019, Defendants filed an answer to Plaintiff's complaint.

21.     Following the filing of Plaintiff's lawsuit, the aforementioned hostility and animosity towards Plaintiff by Defendants only intensified and continued throughout the remainder of her employment until her termination.

22.     Although Plaintiff complained on numerous occasions that she was being retaliated against and treated disparately because of her numerous complaints of wage violations,

including in the days leading up to her termination from employment, her complaints were ignored without adequate investigation or resolution by Defendants.

23.     On or about August 3, 2020, Plaintiff served Defendants with a production of documents supporting her claims in the aforesaid lawsuit.

24.     Shortly thereafter, on or about August 6, 2020, Plaintiff was abruptly terminated from her employment with Defendant.

25.     The reason provided to Plaintiff for her termination was that she had blind copied other employees from her department on an email to management discussing issues within her department.

26.     Not only is this an absurd justification for the termination of a long-term employee such as Plaintiff, but this reason for termination is also pretextual for reasons including, but not limited to, the fact that Defendants had not terminated or disciplined other employees for similar actions in the past.

27.     Moreover, tellingly, **the day after** Defendants abruptly terminated Plaintiff for entirely pretextual reasons, Defendants sent Plaintiff, through her attorney, a letter ***admitting that Defendants had committed wage violations as addressed by Plaintiff in her complaint and paying Plaintiff for wages which she "was not paid for" previously***. *See* August 7, 2020 Letter, attached hereto as "Exhibit B."

28.     In the letter, Defendants further appear to assert that they also decided to pay other employees for wages owed to them as a result of the issues specified in Plaintiff's complaint, asserting that Defendants are "committed to ensuring that all of its current and former employees are paid all wages to which they are entitled," further attaching two payments to Hamid specifically, totaling $15,029.30, including "a payment totaling $7,514.65, which is the

6

straight time and overtime premium wages that Hamid was not paid for," as well as a "second payment equal to the amount of straight time and overtime premium wages that Hamid was not paid for…" *Id.*

29.     In sum, in highly suspicious fashion, Plaintiff was suddenly terminated shortly following her engagement in several protected activities, after experiencing significant hostility and animosity, in conjunction with Defendants' decision to admit liability as to some of Plaintiff's asserted claims and to remit payment for back wages and liquidated damages claimed by Plaintiff.

30.     Therefore, Plaintiff believes and therefore avers that she was subject to disciplinary action, suspended, and ultimately terminated from her employment because of her complaints of wages violations/retaliation and her filing and pursuit of legal claims under the FLSA and PMWA pertaining to the same.

**First Cause of Action**
**Violation of the Fair Labor Standards Act ("FLSA")**
**(Retaliation)**
**Against All Defendants**

31.     The forgoing paragraphs are incorporated herein in their entirety as is set forth in full.

32.     Plaintiff complained to Defendants' administration, including management, about wage violations and instances of retaliation in response to her complaints of wage violations.

33.     Plaintiff was disciplined, suspended, and ultimately terminated in retaliation for her aforementioned complaints.

34.     The FLSA prohibits retaliation against employees who complain about overtime and wage violations in the workplace. *See* 29 U.S.C. § 215(a)(3).

35.     Defendants' actions as aforesaid constitute violations of the FLSA.

**Count II**
**Violation of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Retaliation)**

36.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37.     Plaintiff complained to Defendants' administration, including management, about wage violations and instances of retaliation in response to her complaints of wage violations.

38.     Plaintiff was disciplined, suspended, and ultimately terminated in retaliation for her aforementioned complaints.

39.     Such actions constitute violations of the PMWA.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination at the hands of Defendants until the date of verdict;

B.      Plaintiff is to be awarded liquidated damages and/or punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct, and to deter Defendants or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be awarded damages for emotional distress and/or pain and suffering and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

F.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

<div style="margin-left:40%">

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:     */s/ Ari R. Karpf*
        Ari R. Karpf, Esq.
        3331 Street Road
        Two Greenwood Center
        Suite 128
        Bensalem, PA 19020
        (215) 639-0801

</div>

Date: February 1, 2021

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

CIVIL ACTION

Jennae Hamid

v.

The Chester County Hospital, d/b/a Penn Medicine, et al.     NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)     (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X )

| | | |
|---|---|---|
| 2/1/2021 | ~~signature~~ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __3 Maple Street, Downingtown, PA 19335_____

Address of Defendant: __701 E. Marshall Street, West Chester, PA 19380; 3400 Spruce Street, Philadelphia, PA 19104__

Place of Accident, Incident or Transaction: __Defendants place of business_____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __2/1/2021_____    _____    __ARK2484 / 91538__
                                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☒ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf_____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __2/1/2021_____    _____    __ARK2484 / 91538__
                                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

HAMID, JENNAE

**(b)**  County of Residence of First Listed Plaintiff    Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

THE CHESTER COUNTY HOSPITAL, D/B/A PENN MEDICINE, ET AL.

County of Residence of First Listed Defendant    Chester
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- **X** 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*  *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- **X** 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V.  ORIGIN *(Place an "X" in One Box Only)*

- **X** 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA and the PA Minimum Wage Act.

## VII.  REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   **X** Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   2/1/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Print     Save As...     Reset